IN THE MATTER OF THE ADOPTION OF A CHILD BY
L.C. AND E.R.C., HIS WIFE.

Superior Court of New Jersey
Appellate Division

Submitted December 10, 1979—Decided December 20, 1979.

---

Before Judges BISCHOFF, BOTTER and DWYER.

*Piro* and *Zinna,* attorneys for appellants L. C. and E. R. C. (*Frank J. Zinna* on the brief).

*John J. Degnan,* Attorney General of New Jersey, attorney for respondent State Registrar of Vital Statistics (*Erminie L. Conley,* Assistant Attorney General, of counsel; *Charlotte Kitler,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

BISCHOFF, P. J. A. D.

By judgment of adoption dated August 16, 1977 plaintiffs L.C. and E.R.C. became the adoptive parents of M.C., a minor child born in Portugal on April 10, 1975. The judgment as entered ordered that "pursuant to *N.J.S.A.* 26:8–40.1, the State Registrar issue a new birth certificate stating the said adopted child's birth place as the residence of the . . . adoptive parents . . . ." L.C. applied to the State Registrar of Vital Statistics for a birth certificate showing the new certificate to comply

with the judgment. The State Registrar refused to change the child's place of birth to the address of the adoptive parents because the statute, *N.J.S.A.* 26:8–40.1, does not permit a change to be made in the place of birth for persons born outside the United States. Plaintiff then filed a motion to enforce the terms of the judgment. When the matter came before a different judge, it was ascertained that the inclusion of the provision for the issuance of a new birth certificate showing a different place of birth was the result of administrative error and an order was entered striking that provision from the judgment. A second judgment of adoption was entered without the provision in dispute.

The adoptive parents made a second motion to compel the State Registrar to issue a new birth certificate and change the recorded place of birth. This motion was supported by an affidavit of the adoptive father explaining his concern that if the place of birth as recorded on the birth certificate were not changed, the child might prematurely learn of her adoption and thereby suffer emotional and psychological trauma, face social ostracism, and be the target of bias and bigotry.

In support of their application, plaintiffs argue that the statute is unconstitutional in that it violates the Equal Protection Clause of the United States Constitution because it authorizes a change in the recorded place of birth for adopted children born in the United States but not for those born in a foreign country.

Without passing upon the constitutional challenge to the statute, the judge found that irrespective of whether the statute applied to children born within or outside of the United States, it requires a showing of good cause before a court may issue an order directing the State Registrar to change a recorded place of birth. The trial judge examined the affidavit filed in support of the application and found it to be largely speculative. He ruled that the threshold issue of good cause had not been shown. He held the adoptive parents are well known and respected parents

living in a stable environment, and are part of a supportive, respected ethnic group in a Portugese community.

■ We affirm. *N.J.S.A.* 26:8–40.1 provides in pertinent part:

> Upon application by an adopting parent or parents of any person born in the United States and adopted pursuant to the laws of this State, the court before which the adoption proceedings have been conducted, may, for good cause shown, direct and order that the place of birth shall be the residence of the adopting parent or parents at the time of said adoption; provided however, that the adopting parent or parents were residents of this State at the time of said adoption.

This statute, in clear and unambiguous terms, requires a showing of good cause before a court may order the change in the recording of an adopted person's place of birth and a court may order such a change only for adopted persons born in the United States. Plaintiffs' arguments for a contrary construction are based upon a tortured interpretation of the statute, and we reject them.

■ A birth certificate is presumed to record the true facts of a person's birth and status. *Vanderbilt v. Mitchell,* 72 *N.J.Eq.* 910, 913 (E. & A. 1907), and authority to direct an alteration in the true facts recorded in such a basic document should not be lightly implied. The circumstances under which a change in the record may be ordered are clearly stated in the statute. We have no authority to imply any others.

■ The conclusion of the trial judge, that plaintiff did not establish good cause for changing the recording of the place of birth of the adopted child is amply supported by the record. Having reached this conclusion, we find it unnecessary to decide the constitutional challenge to the statute.

Affirmed.